Hurley, J.
The plaintiff brought this action to recover payment for design services performed in connection with a subdivision plan. The defendants replied that the plaintiff owed them money for breach of warranty in performing those design services. The trial judge allowed the plaintiff’s motion for judgment on the pleadings, ruling that the defendants’ negligence claim is time barred and that the defendants had not stated a sufficient basis for an express warranty claim. The defendants claimed a report. The judge reported his interlocutory ruling to this division. We dismiss the report.
On April 5,1991, the plaintiff commenced a small claims action against a single defendantfor money owed for design services. The defendant answered and counterclaimed that the plaintiff owed the defendants[3] money for damages caused by negligence in the performance of the design services. In their counterclaim, the defendants also claimed damages as a result of a express breach of warranty that the plans could comply with the Subdivision Control Law and the Town of Pembroke Zoning Regulations. A motion to transfer to the regular civil docket was allowed.[4]The motion for judgment on the pleadings followed.
The first question reported is whether the claims raised by the counterclaim are time barred by G.L.c. 260, §2B. G.L.c. 260, §2B provides, in pertinent part, that “(ajctions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property ... shall be commenced only within three years next after the cause of action accrues.” Paragraph 6 of the counterclaim alleges that in July, 1986 there was agreement to perform services in the preparation and design of a subdivision plan. The counterclaim was filed on June 5,1991, well beyond three years after July, 1986. There is no allegation in the counterclaim that any work was performed within the three years prior to June 5,1991.
The second question reported by the trial judge concerns the sufficiency of the facts alleged in the counterclaim on the warranty claim. The judge ruled that the “claim for breach of express warranty fails to recite facts alleging that defendant in counterclaim failed to provide services and plans in accordance with the applicable zoning by-laws, subdivision control law, and acceptable to the planning board.” The counterclaim alleges “that the defendants warranted they could comply with the Subdivision Control Law and The Town of Pembroke Zoning Regulations.” The only allegation in the counterclaim pertaining to the deficiencies in the design services concerns, in a *116 general sense, water drainage at an intersection of roads. There is no recitation of facts in the counterclaim that the plans did not have completed designs in compliance with the various regulations. The allegations refer to changes in plans and layouts required by the town’s planning board. There is no expression in the counterclaim of any language of warranty which imposes any higher duty above the promise that the plans would satisfy the subdivision and zoning regulatió'ns.
The final question reported asks whether a court considering matters outside the complaint in oral argument on a Motion for Judgment on the P,leadings should treat the motion as a Motion for Summary Judgment. Beyond stating the reported question, there is nothing in the record before us (the Report) to suggest that the motion judge considered anything other than the pleadings. It appears from the judge’s ruling on the motion for judgment on the pleadings that he considered only the allegations in the counterclaim.[5]
Report dismissed.

 The plaintiff also moved to add a party as a plaintiff in counterclaim and defendant

 No error is claimed in this ruling.

 Because of the result we reach on this issue, no action is taken on the Motion to Strike Extraneous Material from Brief and Record.